BROOME OYER AND TERMINER. February, 1862. Before *Balcom*, Justice of the Supreme Court, and *A. D. Freeman* and *N. D. Applington*, Justices of the Sessions.

### THE PEOPLE *v.* JOHN CARPENGER AND OTHERS.

In an indictment for willfully cutting wood or timber upon lands of another, under 2 R. S., 693, § 15, as amended by the Laws of 1851, ch. 182, it is necessary to describe the lot or close on which the trespass was committed; and when this was omitted, the indictment was quashed.

THE prisoners were brought into court and asked to plead to an indictment in the words and figures following, viz. :

"*In the Broome County Court of Oyer and Terminer, of the February Term of the year one thousand eight hundred and sixty-two:*

"*State of New York, Broome County, ss:*

"The jurors for the People of the State of New York, in and for the body of the county of Broome, good and lawful men of said county, then and there being sworn and charged, upon their oaths present: That John Carpenger, Tim. Dempsey, *alias* Timothy Dempsey, and Jeremiah Dempsey, otherwise called Jerry Dempsey, late of the town of Binghamton, in the county

The People *v.* Carpenger.

aforesaid, on the first day of November, in the year of our Lord one thousand eight hundred and sixty-one, and on divers days and times between that day and the present time, at the town of Binghamton, in said county, did maliciously, willfully and unlawfully cut down, steal, take and carry away one thousand young forest trees, otherwise called hoop poles, then standing and growing upon certain lands of Thomas W. Waterman, there situate : the same being done feloniously and without the consent of the said Waterman, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

> " G. A. NORTHRUP, *District Attorney.*
> " D. S. RICHARDS, *Special District Attorney.*"

The defendants moved to quash the indictment, on grounds which sufficiently appear in the following opinion of the court :

*D. S. Richards* (Special District Attorney), for the People.

*Thos. D. Wright,* for prisoners.

*By the Court,* BALCOM, P. J. It is provided by statute, that " every person who shall willfully commit any trespass, by, 1st, cutting down or destroying any kind of wood or timber standing or growing upon the lands of any other, or upon lands belonging to the people of this State; or, 2d, carrying away any kind of wood or timber that may have been cut down, and that may be lying on such lands ; shall, upon conviction, be adjudged guilty of a misdemeanor, and shall be punished by imprisonment in a county jail not exceeding six months, or by a fine not exceeding one hundred and fifty dollars, or by both such fine and imprisonment." (2 *R. S.,* 693, § 15 ; *Laws of* 1851, p. 349 ; 3 *R. S., 5th ed.,* pp. 973, 974, § 15.)

The lot or close from which the wood or timber in question was cut and carried away, is not described in the indictment. I am of the opinion it should have been described therein, with reasonable certainty. Thomas W. Waterman may have owned or possessed several pieces of land in the town of Binghamton at the time it is alleged in the indictment the offense was com-

The People *v.* Carpenger.

mitted. The lot or close, in which it is claimed the offense was committed, should be described in the indictment so the prisoners may come to the trial prepared to show, if they can, that Waterman neither owned nor had possession of the same, when the wood or timber was cut and carried away, or that they had leave to cut the same; in other words, so they may know the precise charge against them, and prepare their defense thereto. (*People* v. *Horr*, 7 *Barb. R.*, 9; 3 *Archb. Cr. Pl., by Waterman*, 505–2; *Biggs* v. *The People*, 8 *Barb. R.*, 547.)

A form of an indictment is given in Archbold's Criminal Pleading, by Waterman (vol. 3, p. 506), under the English statute, making it a crime to maliciously destroy or damage trees, shrubs, &c., in which the close wherein the tree (alleged to have been cut, rooted up and destroyed) was standing, is not described, except as " a certain pleasure ground of C. D." A form of an indictment, under the same or a similar statute, is contained in Chitty's Criminal Law (3 *Chit. Cr. Law*, 1116), which is as follows, viz.: "That T. S., late of, &c., after the first day of June, in the year of our Lord one thousand seven hundred and twenty-three, to wit, on, &c., with force and arms, at, &c., aforesaid, unlawfully, maliciously and feloniously did cut down and destroy two elm trees *in a certain avenue to the dwelling house of one W. S.*, there planted, and then growing for ornament there (he, the said W. S., then being the owner of the said trees), to the great damage of the said W. S., against the form of the statute, &c., and against the peace, &c."

I have been unable to find any case that holds the lot or close from which the wood or timber is cut and carried away need not be described in the indictment. The description of the close in the forms to which I have referred is not very definite or certain; but those forms cannot be regarded as authority that the close need not be described at all; and I think it should be described with reasonable certainty.

For the foregoing reasons, I am of the opinion the indictment in question is not good, and that the same should be quashed.

Decision accordingly.